UNITED STATES DISTRICT COURT FOR
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION               CIVIL ACTION NO. 3:05-CV-30036-MAP

KAREN UNAKA,                   )
                               )
Plaintiff,                     )
                               )
V.                             )
                               )
SOUTH MIDDLESEX OPPORTUNITY    )
COUNCIL,                       )
                               )
Defendant.                     )

## ANSWER OF DEFENDANT, RENA MANIGO, TO AMENDED COMPLAINT

The defendant, Rena Manigo, hereby answers the plaintiff's Amended Complaint, paragraph by paragraph, as follows:

[sic]    Defendant admits that plaintiff is a former program participant of the Wright Home for Women in Easthampton, Hampshire County, Massachusetts. Defendant denies the remaining allegations contained in paragraph 1.

1.    Admitted.

2.    Admitted.

3.    Defendant admits that Rena Manigo was formerly a Program Coordinator for the Wright Home for Women. Defendant denies the remaining allegations contained in paragraph 3.

4.    Defendant admits that Amy Toller is the Director for Statewide Homeless Services, including the Wright Home for Women. Defendant denies the remaining allegations contained in paragraph 4.

Overview

Defendant states that plaintiff's "overview" is a narrative summary to which no response is required. To the extent that a response is required, plaintiff's "overview" is denied.

**STATEMENT OF FACTS**

1. Defendant admits that on August 9, 2001, the Program Coordinator for the Wright Home for Women, Rena Manigo, informed plaintiff that she was terminated from the program and would be required to vacate the premises by 5:00 p.m. on August 10, 2001. Answering further, defendant states that plaintiff was terminated from the program because she had physically assaulted two other program participants and had repeatedly violated house rules. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1.

2. Defendant admits that plaintiff requested that she not be required to attend recovery meetings. Answering further, defendant states that plaintiff was told that all house meetings and workshops were mandatory and plaintiff accepted this by signing an agreement to abide by house rules. Defendant denies the remaining allegations contained in paragraph 2.

3. Defendant admits that plaintiff violated house rules on numerous occasions by missing mandatory house meetings. Defendant is without information sufficient to form a belief as to the truth or falsity of the plaintiff's allegations regarding her attempts to retrieve her belongings. Defendant denies the remaining allegations contained in paragraph 3.

4. Defendant admits that plaintiff called the Program Coordinator on one occasion about missing a mandatory house meeting. Answering further, defendant states that plaintiff missed other mandatory house meetings without any advance phone call to the Program Coordinator. Defendant is without information sufficient to form a belief as to the truth or falsity

of the plaintiff's allegations regarding her reasons for missing a house meeting. Defendant denies the remaining allegations contained in paragraph 4.

5. Defendant admits that the position of House Manager is held by a program participant and that it is a volunteer position. Answering further, defendant states that the House Manager is selected by both the Program Coordinator and Director of Statewide Homeless Services. Defendant denies the remaining allegations contained in paragraph 5.

6. Defendant is unable to admit or deny the allegations contained in paragraph 6 due to program participant confidentiality including, without limitation, the confidentiality of treatment records mandated by G.L. c. 111B, § 10, 42 U.S.C. § 290dd-2 and 42 C.F.R. § § 2.1 et seq.

7. Denied.

8. Defendant is unable to admit or deny the allegations contained in paragraph 8 due to program participant confidentiality including, without limitation, the confidentiality of treatment records mandated by G.L. c. 111B, § 10, 42 U.S.C. § 290dd-2 and 42 C.F.R. § § 2.1 et seq.

9. Defendant is unable to admit or deny the allegations contained in paragraph 9 due to program participant confidentiality including, without limitation, the confidentiality of treatment records mandated by G.L. c. 111B, § 10, 42 U.S.C. § 290dd-2 and 42 C.F.R. § § 2.1 et seq. Answering further, defendant states that plaintiff never reported to defendant that she was accosted by another program participant or that she was otherwise being stalked or harassed by another program participant.

10. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10.

11. Defendant admits that on August 9, 2001, the Director of Statewide Homeless Services, Amy Toller, met with the plaintiff and listened to her account of the incident and further admits that plaintiff was informed that she would be required to vacate the premises by 5:00 p.m. on August 10, 2001. Defendant denies that plaintiff did not receive the benefit of an in-house grievance procedure or an attempt at a fair discussion. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11.

12. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.

13. Defendant is without information sufficient to form a belief as to the truth or falsity of the plaintiff's allegations regarding the substance of her conversations with her attorney and the police. Defendant denies the remaining allegations contained in paragraph 13.

14. Defendant admits that Rena Manigo and SMOC's Housing Specialist, Mary Leone, assisted plaintiff with alternative housing, which specifically included both short term and long term placements. Answering further, defendant states that plaintiff failed to sign up for a meeting with Mary Leone during her stay at the Wright Home for Women despite having had an opportunity to do so. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14.

15. Defendant is without information sufficient to form a belief as to the truth or falsity of the plaintiff's allegations regarding statements made by Mary Leone. Defendant admits that John Curtin, the Program Coordinator for another SMOC program, arrived to assist plaintiff with alternative housing and to provide plaintiff with transportation to a housing placement that had been secured for plaintiff. Defendant further admits that John Curtin spoke

with police on this occasion. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15.

16. Defendant admits that the police arrived at the Wright Home for Women on or about August 10, 2001. Answering further, defendant states that the police were called because plaintiff refused to leave the property. Defendant further states that the program participants who had been assaulted by plaintiff expressed being in fear of their lives and refused to press charges against plaintiff. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 16.

17. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18. Answering further, defendant states that plaintiff did receive the benefit of a grievance procedure and defendant did secure for plaintiff an appropriate housing placement.

19. Defendant admits that plaintiff refused to leave the Wright Home for Women despite the fact that she had been terminated from the program. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19.

20. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21.

22. Defendant admits that plaintiff was served with a notice of trespass at approximately 7:30 p.m. on August 14, 2001 and that plaintiff was advised to pack her personal

belongings. Answering further, defendant states that the Program Coordinator called the plaintiff a taxi cab and that plaintiff departed the premises at approximately 8:30 p.m. Defendant is without information sufficient to form a belief as to the truth or falsity of the plaintiff's allegations regarding her medical condition. Defendant denies the remaining allegations contained in paragraph 22.

23.     Defendant is without information sufficient to form a belief as to the truth or falsity of the plaintiff's allegations regarding what plaintiff believed. Defendant denies the remaining allegations contained in paragraph 23. Answering further, defendant states that plaintiff was advised of the mandatory attendance at all house meetings and workshops, including recovery meetings, and that plaintiff understood and accepted this as evidenced by her signed agreement of the house rules.

24.     Defendant admits that Mary Leone secured permanent housing for plaintiff, but denies that such housing was contingent on allowing Ms. Leone to check up on plaintiff. Defendant denies that plaintiff was threatened, coerced or otherwise intimidated. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24.

25.     Denied.

WHEREFORE, the defendants deny that plaintiff is entitled to any form of relief and demand that plaintiff's Amended Complaint be dismissed with an award of attorneys' fees and costs in its favor.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff comes before this Court with unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by principles of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by principles of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for insufficient service of process.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for insufficiency of process.

### EIGHTH AFFIRMATIVE DEFENSE

This is action is barred due to misnomer of a party.

RENA MANIGO

By her attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 3/3/05

John H. Perten (BBO#548728)
Marisa L. Pizzi (BBO # 637383)
Bowditch & Dewey, LLP
161 Worcester Road
P. O. Box 9320
Framingham, MA 01701
(508) 879-5700

Date:   March 23, 2005